UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK KATZ,<br><br>              Plaintiff,<br><br>v.<br><br>FIAT/CHRYSLER AUTOMOBILES,<br><br>              Defendant. | CIVIL ACTION NO. 3:15-CV-00036<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

Presently before the Court is the complaint of *pro se* Plaintiff, Frank Katz, filed on January 7, 2015. (Doc. 1). For the reasons provided herein, the Court will *sua sponte* dismiss the complaint for lack of subject-matter jurisdiction.

**I.  BACKGROUND**

On January 7, 2015, Katz filed a complaint against Fiat/Chrysler Automobiles (Doc. 1), together with a motion to proceed *in forma pauperis*. (Doc. 2). On February 13, this Court denied Katz leave to proceed *in forma pauperis* on the basis that he failed to complete his AO 240 form describing the amounts of any current debts or financial obligations. The Court directed him to file a complete AO 240 form or alternatively pay the $400 filing fee. (Doc. 6). On February 25, 2015, Katz submitted the $400 filing fee. (Doc. 6). Katz's claims arise from Fiat/Chrysler's recall of 1.56 million older Jeep models in June, 2013, due to safety concerns resulting from rear-mounted plastic fuel tanks that allegedly rupture on collision. (Doc. 1). Specifically, he claims that while the dealership installed a trailer hitch on the rear of his wife's Jeep as an added layer of protection pursuant to the recall, those repairs were not completed in a timely manner. (Doc. 1).

**II. SUBJECT-MATTER JURISDICTION**

According to 28 U.S.C. § 1332(a)(1), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." A federal court is required to assess its own jurisdiction over any controversy it may hear, even when the parties have not asserted any jurisdictional question. See *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977)("[Federal Courts] are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction."). Consequently, doubts with respect to subject-matter jurisdiction may be raised *sua sponte* by the Court. Indeed, Federal Rule of Civil Procedure 12(h)(3) requires a court to *sua sponte* dismiss an action at any time for lack of subject-matter jurisdiction. It provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

In assessing its jurisdiction over the claims presented pursuant to Rule 12(h)(3), the court must accept as true all factual allegations contained in the complaint, and "the allegations of the complaint should be construed favorably to the pleader." *New York v. Microsoft Corp.,* 209 F.Supp.2d 132, 138 n. 6 (D.D.C.2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982)). However, the court may consider facts beyond the pleadings in determining whether it has subject-matter jurisdiction. See *Land v. Dollar,* 330 U.S. 731, 735 n. 4 (1947).

In his complaint, Katz alleges that the case is subject to diversity jurisdiction, as Defendant's corporate headquarters is located in Wayne, Michigan. (Doc. 1). However, Katz fails to allege that the amount in controversy exceeds $75,000 for purposes of establishing diversity jurisdiction. See 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996). As Katz has failed to allege an amount in controversy in satisfaction of 28.U.S.C. § 1332(a)'s

jurisdictional minimum, the Court must *sua sponte* dismiss Katz's complaint without prejudice for lack of subject-matter jurisdiction.[1]

### III. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. The complaint (Doc. 1) be **DISMISSED** for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3);

2. Plaintiff be granted thirty (30) days leave from the date of this Order to amend his complaint in accordance with Federal Rule of Civil Procedure 8(a); and

3. This matter be recommitted to the undersigned for further proceedings.

BY THE COURT:

**Dated: February 26, 2015**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

---

[1] While the Court need not address this ground for dismissal, it has come to the Court's attention via Plaintiff's "Notice of Clarification" filed on February 25, 2015, that Katz seeks unspecified monetary damages and injunctive relief for the allegedly unsafe performance of a 2003 Jeep Liberty owned by his wife. (Doc. 7). To the extent he seeks relief on behalf of his wife, he lacks standing to pursue such claims. While in all courts of the United States the parties may plead and conduct their own cases personally or by counsel, the right to proceed *pro se* in civil cases is a personal right. *Harris v. Philadelphia Police Dep't*, No. 06-CV-2192, 2006 WL 3025882, at *3 (E.D. Pa. Oct. 20, 2006); *citing* 28 U.S.C. § 1654; *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987). "Because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Id.*; *citing Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir.1998); *see also Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir.1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."). In fact, a non-lawyer with power of attorney is not even permitted to represent his family members in court. *See Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882-83 (3d Cir.1991) (parents cannot proceed on behalf of their *pro se* children); *Silverstein v. Percudani*, 2005 U.S. Dist. LEXIS 10005 (M.D.Pa. May 26, 2005) (*pro se* non-lawyer may not represent the interests of his family in court). Therefore, *pro se* Plaintiff Katz cannot serve as his wife's legal representative and cannot assert claims on her behalf where he has no personal injury.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK KATZ,<br><br>              Plaintiff,<br><br>v.<br><br>FIAT/CHRYSLER AUTOMOBILES,<br><br>              Defendant. | CIVIL ACTION NO. 3:15-CV-00036<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **February 26, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: February 26, 2015

                                                                      *s/ Karoline Mehalchick*
                                                                       **KAROLINE MEHALCHICK**
                                                                        **United States Magistrate Judge**