**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK KATZ, | |
| Plaintiff, | CIVIL ACTION NO. 3:15-CV-0036 |
| v. | (JUDGE CAPUTO) |
| FIAT/CHRYSLER AUTOMOBILES, *et al.*, | (MAGISTRATE JUDGE MEHALCHICK) |
| Defendants. | |

**MEMORANDUM ORDER**

Presently before the Court is Magistrate Judge Karoline Mehalchick's Report and Recommendation ("R & R") (Doc. 8) that Plaintiff Frank Katz's *pro se* Complaint (Doc. 1) be dismissed for lack of subject matter jurisdiction, because it fails to allege that the amount in controversy exceeds $75,000. Because Plaintiff's response (Doc. 10) to the R & R was not an objection, but an attempt to correct the deficiency identified in the complaint, the R & R was reviewed for plain error and manifest injustice. Upon review, the R & R will be adopted.

**I. Legal Standard**

Where objections to a magistrate judge's R & R are filed, the Court conducts a *de novo* review of the contested portions. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this *only* applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). At the least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**II. Discussion**

On February 26, Magistrate Judge Mehalchick issued an R & R recommending dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(h)(3), for failure to establish subject matter jurisdiction, because the Complaint did not allege that the amount in controversy exceeded $75,000, as required by 28 U.S.C. § 1332(a)(1). On March 9, Plaintiff filed a one-page letter, presumably in response to the R & R, stating that he is

"claiming relief for mental anguish on my behalf to the sum of $300,000.00 and the cost of a SAFE automobile." (Doc. 10, 1.)

Plaintiff's response to the R & R did not object to any of the findings of the R & R. Rather, the response attempted to remedy the complaint's deficiency identified in the R & R: that it did not allege an amount in controversy exceeding $75,000, a requirement in order to obtain subject matter jurisdiction in Federal Court pursuant to diversity jurisdiction. A complaint may not be amended by an objection to an R & R. *George v. Boise Cascade Corp.*, No. CIV.A. 1:08-02113, 2009 WL 3335907, at *2 (M.D. Pa. Oct. 14, 2009) (citing *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir.1988) and Fed. R. Civ. P. 15). Should Plaintiff wish to allege an amount in controversy exceeding $75,000 in order to properly assert subject matter jurisdiction pursuant to diversity jurisdiction, he must do so in an amended complaint.

Because Plaintiff did not object to the R & R in a specific manner, I review it for plain error or manifest injustice. Upon review of the R & R for plain error or manifest injustice, I adopt the R & R.

**ACCORDINGLY**, this 23rd day of March, 2015, upon review of the Report and Recommendation of Magistrate Judge Karoline Mehalchick (Doc. 8), **IT IS HEREBY ORDERED** that:

(1) Magistrate Judge Mehalchick's Report and Recommendation (Doc. 8) is **ADOPTED**.

(2) Plaintiff Frank Katz is given leave to file an amended complaint within thirty (30) days from the date of entry of this order to address the identified defects. If Plaintiff fails to do so, the action will be **DISMISSED**.

(3) This case is remitted to Magistrate Judge Mehalchick for further proceedings.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge