UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FRANK KATZ,

           Plaintiff,

   v.

FIAT/CHRYSLER AUTOMOBILES,

           Defendant.

CIVIL ACTION NO. 3:15-CV-00036

(CAPUTO, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

Presently before the Court is an amended complaint filed by *pro se* Plaintiff, Frank Katz. (Doc. 12). For the reasons provided herein, the Court will dismiss this action, *sua sponte*, for want of subject matter jurisdiction based on lack of standing.

### I. BACKGROUND

On January 7, 2015, Katz filed a complaint against Fiat/Chrysler Automobiles. (Doc. 1). Katz's claims arise from Fiat Chrysler's recall of 1.56 million older Jeep models in June, 2013, due to safety concerns resulting from rear-mounted plastic fuel tanks that allegedly rupture on collision. (Doc. 1). Specifically, he claims that while the dealership installed a trailer hitch on the rear of his wife's 2003 NOW Jeep Liberty Sport as an added layer of protection pursuant to the recall, those repairs were not completed in a timely manner. (Doc. 1).On March 24, 2015, this Court dismissed the action for lack of subject matter jurisdiction and lack of standing, on the basis that Katz failed to allege that the amount in controversy exceeded $75,000 in accordance with Rule 12(h)(3) of the Federal Rules of Civil Procedure, and that Katz failed to demonstrate standing to sue, as the Jeep was purportedly owned by his wife. The Court granted Katz leave to amend his complaint no later than April 24, 2015. (Doc. 11). On April 13, 2015, Katz filed an amended complaint. (Doc. 12). In his complaint, Katz reiterates

many of the same allegations made in his original complaint, in addition to his claims that he is a registered, insured driver of his wife's vehicle, and he conducts 95% of the driving. (Doc. 12). Katz demands $300,000 in damages and "a safe car." (Doc. 12). Attached to his complaint are article clippings detailing the Chrysler recall of the fuel tank design and reported cases of deaths resulting from the vehicle's fuel tank rupturing upon rear end collision.

## II. STANDING REQUIREMENT

The standing doctrine is a threshold inquiry to adjudication, which defines and limits the role of the judiciary. *Warth v. Seldin,* 422 U.S. 490, 501(1975). It is well settled that unless a plaintiff has standing, a federal district court lacks subject-matter jurisdiction with respect to the merits of the case. A plaintiff bears the burden of establishing three elements in order to invoke federal jurisdiction: injury, causation, and redressability. Specifically:

> [(1)]The plaintiff must have suffered an injury in fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent [;(2)]the plaintiff must establish a causal connection between the injury and the conduct complained of[; and (3)] the plaintiff must establish that it is likely, as opposed to merely speculative, that the injury will be "redressed by a favorable decision."

*In re McNeil Consumer Healthcare*, 877 F. Supp. 2d 254, 269 (E.D. Pa. 2012) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992) (citations omitted). "[T]he Court of Appeals for the Third Circuit recently held that a district court must apply a "plausibility" standard when analyzing whether the factual allegations of a complaint, taken as true, show that the plaintiff possesses Article III standing."[1] *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 244 (3d Cir.2012).

---

[1] While dismissal of a suit prior to service of process is generally discouraged, dismissal is warranted when, on the face of the complaint, the district court determines that it lacks
*(footnote continued on next page)*

With respect to the "injury requirement," "the plaintiff must allege some form of injury as a result of the defendant's conduct that is 'distinct and palpable,' not 'abstract or conjectural or hypothetical.'" *In re McNeil Consumer Healthcare*, 877 F. Supp. 2d at 270 (quoting *Danvers Motor Co. v. Ford Motor Co.,* 432 F.3d 286, 291 (3d Cir. 2005)). While economic harm in the form of damages is a "paradigmatic" form of injury in fact, such a theory will not support the standing requirement when such allegations are "totally fanciful." *Id.* A purely subjective injury is not sufficient. *City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n. 8 (1983).

Here, Katz's allegations are insufficient to demonstrate that he suffered a cognizable injury sufficient to give him Article III standing in the instant case. Katz appears to allege only the following: that his wife purchased a vehicle that was later recalled; that the recall, consisting of installing a trailer hitch as an added layer of protection, inconvenienced him; that the repairs do not adequately remedy the alleged defect in the vehicle's design; that individuals somewhere in the country were harmed by the vehicle's defect prior to the recall; and that he is entitled to $300,000 in damages. (Doc. 12). The amended complaint makes clear that the claimed safety issues were never manifest in Katz's vehicle, and that he never suffered any physical harm resulting from the alleged vehicle's defect. As the plaintiff must allege "a distinct and palpable injury to himself," *Warth v. Seldin,* 422 U.S. 490, 501 (1975), that "must affect the plaintiff in a

---

subject matter jurisdiction. "This determination comports with Fed.R.Civ.P. 12(h)(3), which categorically states that '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Roberts v. Mayor & Burgesses of London Borough of Brent*, 70 F. App'x 615, 618 (3d Cir. 2003)(quoting Fed.R.Civ.P. 12(h)(3)). For a district court to possess subject matter jurisdiction over a plaintiff's action, the plaintiff must have standing to sue. Accordingly, this Court is authorized to dismiss Katz's complaint prior to service of process for lack of standing.

personal and individual way," *Lujan,* 504 U.S. at 560 n. 1, the absence of such allegations of personal injury are fatal. Moreover, Katz does not allege that he personally suffered any out-of-pocket economic loss as a result of the purportedly inadequate recall, beyond the transportation costs associated with travelling to the dealership twice in order to have the trailer hitch installed.[2] *See In re McNeil Consumer Healthcare*, 877 F.Supp. 2d 254, 273 (E.D. Pa. 2012)("A named plaintiff must allege facts showing that he or she personally suffered economic loss as a result of an inadequate recall to state a cognizable injury on the basis of the recalled product.").

Rather, on the face of the complaint it appears to this Court that Katz merely alleges that the defect places him at increased risk of possible future injury- a defect that materialized in a small percent of persons who bought the automobile in question. However, "fear and apprehension about a possible future physical or medical consequence . . . is not enough to establish an injury in fact." *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 636 (3d Cir. 1996) (Wellford, J., concurring); *see also Frank v. DaimlerChrysler Corp.,* 292 A.D.2d 118, 741 N.Y.S.2d 9, 17 (2d Dep't 2002) (affirming dismissal of product liability claims where plaintiff failed to

---

[2] To the extent that Katz attempts to make a "benefit of the bargain" argument arising out of contract law by alleging that he has suffered subjective economic damages in the form of out-of-pocket expenditures, rather than advancing a product liability claim, this Court is unable to confer standing as he has failed to allege actual injury. The Fifth Circuit has addressed this "no-injury" product liability class action argument in *Rivera v. Wyeth Ayerst Laboratories*, 283 F.3d 315 (5th Cir. 2002), which has been relied upon in several circuits and districts including the Eastern District of Pennsylvania. *See In Re McNeil Consumer Healthcare*, 877 F.Supp.2d 254 (2012). In *Rivera*, plaintiffs ingested a pain medication that was later withdrawn from the market due to reports of liver failure in some patients. As Plaintiff admittedly suffered no injury, she instead asserted causes of action based on an alleged failure to receive the benefit of the bargain from said medication. The Fifth Circuit rejected the "benefit of the bargain" argument and dismissed the case for lack of standing. Specifically, the court noted: "[t]he plaintiffs apparently believe that if they keep oscillating between tort and contract law claims, they can obscure the fact that they have asserted no concrete injury. Such inartful pleading, however, is not enough to create an injury in fact." *Rivera*, 283 F.3d at 320-21.

suffer or allege actual injury); *Hubbard v. General Motors Corp.,* 1996 WL 274018 *3 (S.D.N.Y.1996) (finding that purchaser of allegedly defective product has no claim where the alleged defect has not manifested itself in purchaser's product); *Yost v. General Motors Corp.,* 651 F.Supp. 656, 657 (D.N.J.1986) (noting that an allegation that a leak was "likely" to occur and "may" create a safety hazard insufficient to avoid dismissal for failure to allege damages). As Katz fails to establish injury in fact for the purposes of Article III standing, this Court recommends dismissal of the complaint for lack of subject-matter jurisdiction.[3]

Finally, the Third Circuit has acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir.2000). "Denial of leave to amend a complaint is especially appropriate where a party has already been

---

[3] In liberally construing Katz's *pro se* amended complaint, the Court notes that Katz has indicated on his Civil Cover Sheet that this suit is brought as a class action. (Doc. 12). To the extent that Katz seeks to certify a class action pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, Katz has failed to meet the minimum requirements for certification of a class action. Four prerequisites must be met to obtain certification of a class action:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

A class can only be certified if all four requirements of Rule 23(a) are met. *Fotta v. Trustees of United Mine Workers of Am.*, 319 F.3d 612, 618–19 (3d Cir. 2003). Katz, who is proceeding *pro se*, cannot satisfy the fourth requirement, adequacy of representation. *Nunez v. Lindsay*, No. 3:CV-05-1763, 2006 WL 3242111, at *1 (M.D. Pa. Nov. 7, 2006) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). This is so because the "[a]bility to protect the interests of the class depends in part on the quality of counsel, and . . . the competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others." *Oxendine*, 509 F.2d at 1407. Accordingly, this Court will deny class action certification in this case.

given the opportunity to amend the complaint." *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014)(*citing Lake*, 232 F.3d at 373("[W]e are inclined to give the District Court even broader discretion when, as here, the court has already granted the requesting party an opportunity to amend its complaint."). Here, this Court granted Katz an opportunity to amend his original complaint, but he has failed to cure the complaint's pleading deficiencies. As such, it is recommended that Katz not be given further leave to amend his complaint.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that the amended complaint. (Doc. 12) be **DISMISSED** for lack of subject-matter jurisdiction, and the Clerk of Court be directed to **CLOSE** this case.

**BY THE COURT:**

Dated: April 23, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK KATZ,<br><br>                Plaintiff,<br><br>       v.<br><br>FIAT/CHRYSLER AUTOMOBILES,<br><br>                Defendant. | CIVIL ACTION NO. 3:15-CV-00036<br><br>(CAPUTO, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 23, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: April 23, 2015                                         *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **United States Magistrate Judge**